KAULBACH v. MAGNUS et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

PLEADING—DEMURRER—WITHDRAWAL.
　　Where one of several defendants, on whom a summons and complaint have been duly served, demurs to the complaint, the court has no authority, on the oral statement in open court of plaintiff's counsel that it was not intended to serve the complaint on defendant, to order the demurrer to be withdrawn on payment of costs by plaintiff.

Appeal from special term, New York county.

Action by Andrew W. Kaulbach against Cyrus R. Lerch and others. From an order requiring defendant Frederick S. Magnus to withdraw a demurrer to the complaint on payment to him of $10 costs, and to serve a consent to a discontinuance of the action as to him, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry Brill, for appellant.
H. Melville Walker, for respondent.

INGRAHAM, J. The action was brought to recover damages against the defendants Lerch and Sondheim. The appellant was made a party defendant, the complaint alleging that he had some interest in the action by reason of his partnership with the defendant Sondheim, and for this reason was made a defendant, but that no personal claim was made against him. The defendant Magnus appeared in the action, and demanded that a copy of the complaint be served upon him. Upon such complaint being served, he interposed a demurrer thereto, and duly noticed the issue raised by such demurrer for trial; cross notice of trial being served by the plaintiff. Upon the

argument of this demurrer the order appealed from was made. No affidavit appears to have been submitted to the court, but from the record it appears that the order was granted upon the argument of the demurrer, and upon the statement, made in open court, that the plaintiff had not intended to serve the complaint upon the defendant Magnus. The order entered on this application appears to be unauthorized. The complaint having been served upon the attorney for the defendant Magnus, he had the right to answer or demur, as he was not required to allow a judgment, which would be binding upon him, to be entered by default; and, after demurring, he was entitled to have the issue of law raised by the demurrer duly disposed of. The plaintiff at any time had a right to discontinue the action against the appellant upon the payment of the costs accrued up to the time of such discontinuance, but the court was not justified in entering an order requiring the defendant to withdraw a demurrer to the complaint. If the plaintiff desired to discontinue the action as against Magnus, he could apply to the court for a proper order of discontinuance upon the payment of costs.

The order appealed from is therefore reversed, with $10 costs and disbursements. All concur.